The opinion of the Court was delivered by
Johnston, Ch.
That a common note of hand, given in 1820, should be a subsisting and valid demand in 1852, thirty-two years after it became due, would be quite surprising, even if there were no statute to bar it. But that a statute, which expressly bars such a demand in four years, has failed to accomplish its purpose, in all the time which has elapsed in this case, cannot he credited, without very plenary proof of the fact. Such a thing is a bare legal possibility; but we have never known an instance of its actual existence.
■The note, in this instance, was given and accepted as the partnership note of Harley & Co., and no circumstance is suggested, which renders it probable, that the consideration of it was other than the the debt of the firm. The rule is, that partnership debts are payable out of the partnership assets; and the parties are liable, individually, only after these are exhausted.
The payments made on the note in the life time of Harley, were made and credited as partnership payments, and if these are deducted, it appears, that there were joint assets left, as late as 1836, more than sufficient to discharge the balance, without resorting to Harley’s particular estate. When I say this, I refer to the fact stated by the Chancellor, that a balance was found due to Collins, as partner, of $1,050 40. This means, abalance due him after deducting the partnership debt. This dry balance could not be allowed him, until all the joint debts were paid: and, if this debt had been taken with the account, as it should have been, if then subsisting, the $1,050 40 would have been more than sufficient to satify it. The only effect would have been to diminish the dry balance due to Collins.
What I .wish to observe, here, in relation to the statute of limitations, is this : — Upon the death of Harley, in 1825, the legal *119 obligation to pay the note in question devolved on Collins, the surviving partner; and it was certainly barred before August, 1836, when Collins died. The remedy against the estate of Harley, in consequence of the insolvency of Collins, (which, however, was no ground in this case — because this demand could have been satisfied, as I have stated, out of the supposed dry balance of Collins,) was not a legal, but an equitable, remedy. But, I think, equity will never enforce an equitable demand, arising from and purely dependant upon, and in aid of, a legal demand, when that legal demand is barred and extinguished.
This single consideration is sufficient to dispose of the case.
But the payments made by Harley and his administratrix, Jane Harley, are relied on as acknowledgments of the debt as the debt of Harley and his estate.
Every payment made by Harley, in his life time, was credited expressly as a payment by the firm. In no way can these payments be regarded as admissions of the debt as Harley’s private debt; and the the utmost effect they could legitimately have produced, was to revive the debt, as against the firm, (and, consequentially only, as against the partners,) from their dates respectively. The last of these payments made by Harley, was in January, 1824. The bar,' counting from that date, was complete in January, 1828.
The payment of $ 100 made by Jane Harley, administratrix, the 16th of February, 1829, is we think no clear admission of the balance then remaining due on the note, as a balance legally due by her intestate. In the first place, she was in possession of the partnership assets, which it appears were, on the assignment of Collins, left in her intestate’s hands. The note presented to her, and on which she made the payment, was not the individual note of her intestate, but the note of the firm, whose assets she held, and on which she acted. The payment made by her, upon such a note, if it admitted a balance due, is most naturally construed as an admission that that balance was due by the firm — and not by her intestate. She might very safely admit such a balance due by the firm, knowing the sufficiency *120 of its assets, without admitting, in the slightest degree, that there either was, or ever would arise, any obligation, on the part of her intestate’s estate, to pay it. The bar, dating from this payment, accrued to the firm (and, if necessary, to the estate of Harley,) in 1834.
But we very much question, upon the authority of a current of decisions made by the law Courts, and binding upon us,(a)^whether the payment was, under the circumstances, a clear admission of a balance due; or whether it was competent for the administratrix, after the demand?was barred before the estate came to her hands, to bind the estate by any admissions upon the subject. If she became bound by the supposed admission — it must be by its being construed into a promise, — which, under the circumstances stated, would be binding only on herself, personally, and not on the estate, or her successor, now before the Court. The presentation of the demand in 1836, on the reference of the accounts of the firm, is no clear admission that the debt was still due, much less that it was due by Harley’s estate,. It was not presented by the holder of the note. We may infer that the note was not in the hands of Mrs. Harley, but was in the hands of Fortune : a copy of it, only, being presented.
It is most natural to suppose, that the copy, with the credits endorsed, was submitted with the view of getting credit, for the payments made on it, in the copartnership accounts: and so far as credit was claimed for the balance due on the note, such a claim might well be made, either with the pure intention of aiding Fortune, or from a cautious respect to any danger the estate of Harley might be in from his demand — without admitting that his estate was at all liable. The circumstances are too equivocal to infer from them an explicit admission of indebtedness, or a promise to pay.
The rejection of the -note, on that occasion, was a clear decision that no demand then existed against the firm: and *121 consequently discharged Harley’s estate from all equitable liability for such demand.
On the whole, we are of opinion, that the statute of limitations should have been sustained, and the bill dismissed; and it is so ordered.
Dunkin and Wardlaw, CC., concurred.

Bill dismissed.

 See Reigne vs. Desportes, Dud. 118; Young vs. Monpoey, 2 Bail. 278; Lomax vs. Spierin, Dud. 365; Horlbeck vs. Hunt, 1 McM. 197; Lawton vs. Bowman, 2 Strob. 190; Gowdy vs. Smith & Gillam, 6 Rich.